IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**VS.**                                                                    No.    17-20059-SHM-cgc

**MARCUS WILLIAMS,**

      **Defendant.**

_____

**REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS**
_____

Before the Court by way of Order of Reference for report and recommendation (D.E. # 31) is Defendant Marcus Williams' Motion to Suppress from evidence the fruit of a search of the premises of 4739 Barkshire Drive Memphis, Tennessee 38141 and of a silver 2004 Ford Expedition located at that address.  (D.E. # 27)  A suppression hearing was scheduled for September 25, 2017 however no witnesses appeared and the court will rely on the arguments contained in the motion and the response of the United States (D.E. # 33).   Williams argues that the evidence obtained pursuant to the search warrant should be suppressed because the scope of the warrant was overbroad and because the affidavit which supported probable cause for the warrant relied upon stale information.

On March 8, 2017, Williams was charged in a three-count indictment with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (counts 1 and 2) and possession of an item, specifically a laptop computer, which contained child pornography in violation of 18

U.S.C. § 2252(a)(4)(B).  (D.E. # 1)  The search warrant at issued in this motion, 16-SW-152, was issued on September 29, 2016.  (D.E. # 33-1)  The warrant authorized the search of a single family residence and a silver, 2004 Ford Expedition registered to Marcus Williams.   Contained in the "List of Items to be Seized" (D.E. # 33-1, Attachment B) are

> "Any and all **storage media**, whether digital or analog, including SIM cards, SD cards, internal and external hard drives, CDs, DVDs, thumb and jump drives, digital or analog tapes, tape systems, cassettes, cartridges, streaming tape, computer disks, tape drives, data disks, magnetic media floppy disks, negatives, slides, copies, photo albums, and digital photo display devices;"
>
> …
>
> "**Indicia of occupancy** consisting of articles of personal property or information tending to establish the identity of the person in control of the search premises and storage devices"
>
> (emphasis in original)

Williams argues that 'anachronistic" storage devices such as audio cassette tapes and "outdated formats" such as floppy and hard disks "lack sufficient capacity to contain a single image of the size generally produced and distributed today" and therefore, the warrant lacks specificity and particularity.  (D.E. # 27-1, p 3)

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath and affirmation, and **particularly describing the place to be searched, and the persons or things to be seized**."  U.S. Const. amend. IV.   (emphasis added)   The degree of specificity required in a search warrant is flexible and varies depending on the crime alleged and items sought.  *United States v. Henson*, 848 F.2d 1374, 1383 (6th Cir.1988).  "Thus a description

2

is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." *Id*. (quoting *United States v. Blum*, 753 F.2d 999, 1001 (11th Cir.1985)). "In the context of searches of electronic devices, while recognizing the inherent risk that criminals can easily 'hide, mislabel, or manipulate files to conceal criminal activity,' we must also take care not to give the Government free rein to essentially do away with the particularity requirement by allowing it to examine every file on the device." *United States v. Rarick*, No. 14–4212, 636 Fed.Appx. 911, 914–15, 2016 WL 75616, at *4 (6th Cir. Jan. 7, 2016).

In this case, Williams does not state in what way listing types of storage media constitutes overbreadth. Williams does not cite and the undersigned cannot find any cases from the Sixth Circuit or the U.S. Supreme Court that hold that a listing of types of storage media, including types that may be considered 'anachronistic' or 'outdated', constitutes impermissible overbreadth. Therefore, it is recommended that the warrant provides sufficient specificity and particularity.

Williams also argues that the warrant is invalid because it relied on stale information. In his motion, Williams argues that there was no probable cause to support the warrant because Agent Thompson relied on an online account used in October 2015 and that there was no basis to believe that any particular device used in October 2015 would be present in a search of a house nearly one year later. (D.E. # 27-1, p 4) The United States responds with a timeline of the investigation that was set forth in the affidavit that describes that actions taken to connect the exchange of child pornography by Kik user "marcus williams trueone12345" between October 1 and 28, 2015 to the address and vehicle specified in the search warrant that issued on September

3

29, 2016.

The facts in this case are similar to those in *U.S. v. Hampton*, 504 Fed. Appx. 402, 2012 WL 5382946 (6th Cir. November 5, 2012). In *Hampton*, the defendant appealed the denial of his motion to suppress evidence seized during a search of his home. United States Department of Immigration and Customs Enforcement (ICE) was informed by German law enforcement officers in March 2009 that an individual using a specified internet protocol (IP) address was offering to share images of child pornography. ICE agents confirmed that the IP address was assigned to Hampton who resided at a street address in Louisville, Kentucky. A search warrant for Hampton's residence and computer was obtained based on this information more than ten months later. Hampton was subsequently charged with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and with possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Hampton moved to suppress the evidence seized during the search of his home, contending that the search warrant was not supported by probable cause because the information contained in the affidavit supporting the application was stale.

In its order affirming denial of the motion to suppress, the Sixth Circuit held that the ten-month delay in obtaining the search warrant did not cause the information to become stale by the time that the agent requested the warrant. *Id.* (citing *United States v. Lewis*, 605 F.3d 395, 402 (6th Cir. 2010) (more than seven months); *United States v. Frechette*, 583 F.3d 374, 378–79 (6th Cir. 2009 (sixteen months); *United States v. Lapsins*, 570 F.3d 758, 767 (6th Cir. 2009) (nine months); *United States v. Paull*, 551 F.3d 516, 522 (6th Cir. 2009) (thirteen months)). Whether information in an affidavit is stale depends, in part, on "the inherent nature of the crime." *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir.1998) (citation omitted). "[C]hild pornography is not

a fleeting crime" and "is generally carried out in the secrecy of the home and over a long period." *Frechette*, 583 F.3d at 378 (citation and internal quotation marks omitted).  Collectors of child pornography "value their sexually explicit materials highly, rarely if ever dispose of such material, and store it for long periods in a secure place, typically in their homes." *United States v. Richardson*, 607 F.3d 357, 370 (4th Cir.) (citation and internal quotation marks omitted), cert. denied, ––– U.S. ––––, 131 S.Ct. 427, 178 L.Ed.2d 324 (2010).  Child pornography stored on a computer "can have an infinite life span" because files containing child pornography "can be easily duplicated and kept indefinitely even if they are sold or traded." *Frechette*, 583 F.3d at 379.  Moreover, child pornography can still be discovered on a computer's hard drive even after those images have been deleted. *United States v. Terry*, 522 F.3d 645, 650 n. 2 (6th Cir.2008).

Similarly, there is nothing to suggest that in this case the information that initially lead investigators to Williams was stale at the time that the search warrant was issued.  According to the affidavit, the investigation as it relates to Williams began in October 2015 when evidence seized pursuant to a search warrant in a Virginia Federal Bureau of Investigation (FBI) case yielded information indicating that a Kik user identified as "marcus williams trueone12345" was exchanging child pornography.  (D.E. # 33-1, ¶¶6–7).  From there, the affidavit details the investigatory steps taken over the next eleven months to connect the Kik user name to Comcast subscriber information, a yahoo email account, IP addresses, a physical address and the vehicle. *Id* at ¶¶ 9-25.  The surveillance of the Ford Expedition at the residence on September 27, 2016, two days prior to the request for the search warrant and the execution of the search warrant.  Therefore, it is recommended that the information supporting the request for the search warrant was not stale at the time that the probable cause determination was made and that the search

warrant is not invalid for staleness and lack of probable cause.

It is therefore RECOMMENDED that Defendant's Motion to Suppress be DENIED.

Signed this 1st day of November, 2017.

                                             s/ Charmiane G. Claxton
                                             CHARMIANE G. CLAXTON
                                             UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**