# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) |  |
| Plaintiff, | ) ) | No. 17-cr-20059-SHM-1 |
| v. | ) ) |  |
| **MARCUS WILLIAMS,** | ) ) |  |
| Defendant. | ) ) ) |  |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated November 2, 2017 (the "Report"). (ECF No. 35.) The Report recommends denying Defendant Marcus Williams's Motion to Suppress (ECF No. 27). (Id.) Williams filed an objection to the Report on November 16, 2017. (ECF No. 39.) The government filed a Motion to Adopt Magistrate's Report and Recommendation and Deny Defendant's Motion to Suppress on December 22, 2017. (ECF No. 43.)

For the following reasons, the Report is ADOPTED. Williams's Motion to Suppress is DENIED. The government's Motion to Adopt Magistrate's Report and Recommendation and Deny Defendant's Motion to Suppress is DENIED as MOOT.

**I. Background**

This matter arises from the seizure of child pornography found during a search of Defendant Marcus Williams's residence and vehicle. Williams contends that the information in the affidavit supporting the search warrant was stale.

On September 29, 2016, a search warrant was issued for Williams's residence and vehicle. (ECF No. 33-1.) Attached to the warrant was the affidavit of Special Agent of Homeland Security Investigations, Immigration and Customs Enforcement Aaron R. Thompson. (Id. at 65.) The affidavit establishes the following sequence of events. On October 29, 2015, the Federal Bureau of Investigation (the "FBI") learned that the subject of a child exploitation investigation in Virginia had traded child pornography through a mobile instant messenger application, Kik Messenger, with user "marcus williams trueone12345" between October 1, 2015, and October 28, 2015. (Id. at 66-67.) User "marcus williams trueone12345" provided an email account, "marcus.williams41@yahoo.com," and asked to receive "all your black girls 12 and under porn too [sic] me," "only sex videos only to my yahoo email," and "i only want black sex 12 and under." (Id. at 68.) User "marcus williams trueone12345" received multiple videos and images of child pornography, as

well as web links to child pornographic videos through Kik Messenger. (Id.)

Between March 2016 and April 2016, public records and records secured through administrative subpoenas showed that Kik user "marcus williams trueone12345" was associated with Williams's email and IP address, his residential address, and his driver's license. (Id. at 67.) The association was further supported in May 2016 by National Crime Investigation Center ("NCIC") and Memphis Light, Gas and Water ("MLG&W") queries. (Id. at 67-68.)

In June 2016, Special Agent Thompson linked Williams to his vehicle and residence in Memphis through observation and National Law Enforcement Telecommunication System ("NLETS") queries. (Id. at 69.) Special Agent Thompson executed a federal search warrant on Yahoo! Inc. for the contents of email account "marcus.williams41@yahoo.com." (Id. at 69-70.) The return showed that the email account had sent child pornographic images and videos between October 1, 2015, and May 7, 2016. (Id. at 70.)

In July 2016, Williams's yahoo email account was logged into from an IP6 address, which "differ[s] from [an] IP4 address[] in that [it is] large in size, thus creating [an] enlarged address space." (Id. at 71.)

In August 2016, Comcast was subpoenaed and provided subscriber information about the IP6 address that linked it to Williams's residence. (Id.)

Between August 16, 2016, and September 27, 2016, Special Agent Thompson observed the vehicle previously associated with Williams in front of his residence. (Id.)

The search warrant was issued on September 29, 2016. (Id. at 74.)

On March 8, 2017, a grand jury returned a three-count indictment charging Williams with attempt to distribute and possession of child pornography. (Indictment, ECF No. 1.)

On August 31, 2017, Williams filed his Motion to Suppress. (ECF No. 27.) The government responded on September 15, 2017. (ECF No. 33.)

United States Magistrate Judge Charmiane G. Claxton held a hearing on September 25, 2017. (Min. Entry, ECF No. 34.) She submitted the Report on November 2, 2015. (ECF No. 35.) The Report concludes that the scope of the search warrant was not overbroad and that the affidavit on which the warrant relied was not stale. (Id.)

On November 16, 2017, Williams filed his objections to the Report. (ECF No. 39.)

## II. Standard of Review

### A. Report and Recommendation

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1).

The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v.

Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

**B. Fourth Amendment – Probable Cause**

The Fourth Amendment to the United States Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath and affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The specificity required in a search warrant varies depending on the crime alleged and the items sought. United States v. Henson, 848 F.2d 1374, 1383 (6th Cir. 1988). "[A] description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." Id. (quoting United States v. Blum, 753 F.2d 999, 1001 (11th Cir. 1985)). "Stale information may not

6

be used as a basis for probable cause." United States v. Elbe, 774 F.3d 885, 889 (6th Cir. 2014).

**III. Analysis**

Williams objects only to the Magistrate Judge's legal conclusion that the information in the affidavit supporting the search warrant was not stale. (ECF No. 39 at 83.) Williams seeks to distinguish the cases on which the Magistrate Judge relied. Williams contends that each case the Magistrate Judge cited, except United States v. Lewis, 605 F.3d 395 (6th Cir. 2010), "contained some unique and particularized information which pointed to systematic and continuous possession and/or distribution of the material." (ECF No. 39 at 85.) Unlike those cases, Williams argues, he "was observed exchanging pornography with a single individual, over the course of a single month, and with an unspecified frequency (possibly even only a single occasion)." (Id. at 85.) Thus, reliance on the affidavit nearly a year later "bec[ame] unreasonable [because] the events establishing probable cause were brief and narrow in scope and no subsequent information discovered during investigation directly corroborated continuing possession of child pornography." (Id.)

Stale information may not be a basis for probable cause. Elbe, 774 F.3d at 889. A staleness inquiry "depends on the

7

'inherent nature of the crime'" and the circumstances of the case. United States v. Abernathy, 843 F.3d 243, 250 (6th Cir. 2016) (quoting Henson, 848 F.2d at 1382). "The bare fact that a piece of evidence is months old, moreover, does not automatically make it stale." United States v. Burney, 778 F.3d 536, 540 (6th Cir. 2015). Courts apply four factors to measure staleness:

> (1) the character of the crime (chance encounter in the night or regenerating conspiracy?), (2) the criminal (nomadic or entrenched?), (3) the thing to be seized (perishable and easily transferrable or of enduring utility to its holder?), and (4) the place to be searched (mere criminal forum of convenience or secure operational base?).

Elbe, 774 F.3d at 890 (quoting United States v. Frechette, 583 F.3d 374, 379 (6th Cir. 2009)).

The first factor supports a finding that the affidavit was not stale. Because distributing and possessing child pornography are "generally carried out in the secrecy of the home and over a long period the time limitations applied to more fleeting crimes do not control." Id. The majority of circuits, including the Sixth Circuit, have found that information on child pornography rarely becomes stale because individuals seldom, if ever, dispose of child pornography. See, e.g., United States v. Hampton, 504 F. App'x 402, 2012 WL 5382946, at *2 (6th Cir. Nov. 5, 2012) ("Collectors of child

8

pornography . . . rarely if ever dispose of such material, and store it for long periods in a secure place, typically in their homes.") (internal quotation marks omitted); United States v. Eberle, 266 F. App'x, 200, 205 (3d Cir. 2008) (three-year-old information that defendant had uploaded child pornography from a different computer not stale); United States v. Richardson, 607 F.3d 357, 370 (4th Cir.), cert. denied, 131 S.Ct. 427 (2010); United States v. Schesso, 730 F.3d 1040, 1047 (9th Cir. 2013) (two-year-old information not stale); United States v. Morales-Aldahondo, 524 F.3d 115, 119 (1st Cir. 2008) (three-year-old child pornography subscriptions not stale); United States v. Prideaux-Wentz, 543 F.3d 954, 958 (7th Cir. 2008) ("We have suggested that the staleness argument takes on a different meaning in the context of child pornography because of the fact that collectors and distributors rarely, if ever, dispose of their collections."); United States v. Lemon, 590 F.3d 612, 614-15 (8th Cir. 2010) (affirming search warrant in child pornography case when evidence to support warrant was 18 months old).

The second factor supports a finding that the affidavit was not stale. "[T]he place to be searched was defendant's residence, where he was entrenched, and which also served as the 'home base' of the criminal activity." United States v.

Curry, No. 16-2366, 2018 WL 721674, at *3 (6th Cir. Feb. 6, 2018). Nothing in the record suggests that Williams accessed child pornography from multiple locations.

"For the third factor, child pornography has a potentially infinite life span because files can be easily duplicated and kept indefinitely even if they are sold or traded. And . . . child pornography can be uncovered on a hard drive even if those images have been deleted." Elbe, 774 F.3d at 890 (internal citations and quotation marks omitted). For that reason, probable cause is not diminished when there is no other evidence of continuous involvement with child pornography. Lewis, 605 F.3d at 401; see United States v. Paull, 551 F.3d 516, 522 (6th Cir. 2009) (citing United States v. Lacy, 119 F.3d 742, 746 (9th Cir. 1997) (finding probable cause to search apartment over ten months after depictions of child pornography were last linked to defendant)). The third factor supports a finding that the affidavit was not stale.

The fourth factor also supports a finding that the affidavit was not stale. The place to be searched in this case was Williams's residence, a "secure operational base." See Frechette, 583 F.3d at 379; Paull, 551 F.3d at 522 ("[T]he crime [of child pornography] is generally carried out in the secrecy of the home and over a long period.").

All four factors support a finding that the affidavit was not stale. The Magistrate Judge correctly concluded that the lack of direct evidence of continuous involvement with child pornography between October 2015 and September 2016 did not make the information in the affidavit stale. The Report is ADOPTED.

**IV. Conclusion**

For the foregoing reasons, the Report is ADOPTED. Williams's Motion to Suppress is DENIED. The government's Motion to Adopt Magistrate's Report and Recommendation and Deny Defendant's Motion to Suppress is DENIED as MOOT.

So ordered this 2d day of March, 2018.

                                      */s/ Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE